IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.       No. 15-10085-01-JTM

DANIEL C. NICHOLSON,
    Defendant.

MEMEMORANDUM AND ORDER

This matter is before the court on defendant Daniel Nicholson's motion requesting continuation of the scheduled May 15, 2018 trial (Dkt. 313). The court recently appointed defendant new counsel on April 3, 2018, after his prior counsel was found to have a potential conflict. In addition to the continuation, defendant also seeks a determination that the case is complex, within the meaning of 18 U.S.C. § 3161(h)(7)(A), and that any period of delay resulting from continuance beyond the statutory speedy trial time is justified because the ends of justice served by the continuance outweighs the best interest of the public and the defendant in a speedy trial.

The motion stresses in particular the voluminous discovery, presented by means of a 64 GB computer drive. (Dkt. 313, at 2). In addition, the motion notes the existence of "multiple search warrants, multiple Title III wiretaps, plus a substantial amount of written and video discovery," the government's notice of eight potential expert

witnesses," and Mr. Nicholson's explicit consent to the continuance. (*Id*. at 3). The request for a complex designation is premised on

> [1] the large amount of discovery, [2] [the possible] filing of additional motions and/or [3] the retention of investigators and/or experts, [4] the number of potentially cooperating witnesses, as well as [5] the number of experts endorsed by the Government.

(*Id*.)

The court hereby finds that the matter should be designated complex within the meaning of 18 U.S.C. § 3161(h)(7)(A), continues the currently-scheduled trial to a date to be set after further consultation from the parties, excludes the time from the continuance from the Speedy Trial Act. Given the need for counsel to become familiar with a large amount of evidence, failure to continue might result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i), and because the complexity of the case requires the need for additional preparation for trial within the meaning of § 3161(h)(7)(B)(ii).

This determination is thus premised on four of the five reasons cited by the defendant in his motion. The court does *not* premise the finding of complexity on the need for additional motions. The court notes in particular the zealous and energetic representation provided Nicholson by prior counsel, who presented challenges to the government's case by a comprehensive motion to suppress. (Dkt. 266).

The defendant's prior counsel was excused on the virtual eve of trial, after an exhaustive attempt to exclude the government's evidence. Without absolutely precluding defendant from filing additional motions, the court serves notice that it does not intend to revisit its earlier rulings.

Nearly two years ago, the court continued the trial at the request of the various defendants, including Mr. Nicholson, based on the size of the case. *See* Dkt. 129, at 2 (citing discovery "in excess of 7,000 pages"). As they prepare for the upcoming status conference, the parties should bear in mind the need to prepare this matter for trial with all reasonable expedition.

After prior counsel moved for leave to withdraw, the defendant acting *pro se* moved for appointment of counsel and for relief under Rule 49 (Dkts. 305, 306), and submitted two motions seeking additional discovery. (Dkts. 309, 310). The first motions were rendered moot by the court's granting of the leave to withdraw and appointment of new counsel. (Dkts. 311, 312). The remaining motions are denied without prejudice, first, given the present motion – which is premised on the fact that discovery has been overwhelming, not that it has been parsimonious. Second, to the extent any such relief might be warranted, it should be presented through motion submitted by counsel.

IT IS ACCORDINDGLY ORDERED this 25th day of April, 2018, that defendant's Motion to Designate and Continue (Dkt. 313) is granted; defendant's Motions to Appoint, For Order, and to Compel (Dkts. 305, 306, 309, 310) are hereby denied.

                                          s/ J. Thomas Marten
                                          J. THOMAS MARTEN, JUDGE